IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cr-30168-DWD |
| ) | |
| MONTE CONRAD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge**:

Before the Court is Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 ("Motion"). (Doc. 55). The Government does not oppose the Motion. (Doc. 60).

The parties agree Defendant is eligible for a reduction of sentence under Part A of Amendment 821, which amended U.S.S.G § 4A1.1(e).

On June 15, 2023, Defendant was sentenced as to 84 months imprisonment on Counts I (Distribution of Cocaine) and Count II (Distribution of Cocaine Base) of the Indictment to be served concurrently. (Doc. 51). At sentencing Defendant received a criminal history point tally of 8 with a corresponding criminal history category of IV. His advisory guideline range was 70-87 months.

Here, under the retroactive amendment to § 4A1.1, Defendant's criminal history category is reduced to III with a criminal history point tally of 6, resulting in a lower advisory guideline range of 57 to 71 months' incarceration. In light of the lower advisory

guideline range, both parties recommend a reduction from 84 months of imprisonment to 68 months of imprisonment. These calculations are consistent with calculations provided by the United States Probation Department.

Upon consideration of the record before the Court, the policy statement set forth at U.S.S.G. §1B1.10, and the sentencing factors set forth in 18 U.S.C. § 3553(a), including as considered, evaluated, and applied by the undersigned at the time of the original sentence, the Court finds that the proposed reduction to 68 months of imprisonment is appropriate.

Accordingly, the Court **GRANTS** the Motion and **ORDERS** as follows:

1. Defendant's sentence is reduced from 84 months of imprisonment to 68 months of imprisonment as to each count of the Indictment, to run concurrently, or "time served," whichever is longer.

2. To ensure that Defendant is in fact timely released, the Bureau of Prisons is directed to take all appropriate steps to complete the processing of Defendant's release plan prior to the effective date of this order.

3. If this order results in a release date ten or fewer days after the date this order is entered, this order shall be **STAYED** for a period of ten days from the docketing date of this order to ensure the defendant, the Bureau of Prisons, and the Probation Office adequate time to prepare for Defendant's reentry into society.

4. All other terms of the judgment dated June 15, 2023 (Doc. 51) are to remain unchanged.

5. The Court attaches its standard order (AO Form 247) to reflect the aforementioned sentence reduction.

**SO ORDERED**.

Dated: March 6, 2024

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge